# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### 5:11CV55-RLV

| | |
|---|---|
| ROSE C. POWELL )<br>　　Plaintiff, )<br>　　　　　　)<br>v. )<br>　　　　　　)<br>　　　　　　)<br>TONY A. KELLER et al. )<br>　　Defendant. )<br>_____)<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon the Plaintiff's Application To Proceed In District Court Without Prepaying Fees Or Costs, filed April 11, 2011.

By the instant Motion, the Plaintiff seeks to proceed on her Complaint against Defendant pursuant to 42 U. S. C. 1983, Title VII of the Civil Rights Act of 1964, without having to prepay the costs associated with bringing this action.

In support of this Motion, the Plaintiff has submitted an Application which reflects that her last date of employment was in 1996. However, the Application represents the Plaintiff in the past twelve months received an average monthly income of $1,600. Moreover, the Plaintiff represents, that she expects to receive $1,600 the month following her Application. Further, the Application reports that the Plaintiff has a checking account with a balance of $1,200 at the time her Application was filed. In addition, the Application represents that the Plaintiff owns a 1996 Plymouth Voyager, but failed to list the value of the vehicle. Moreover, Plaintiff reports that she does not own any real estate, stocks, or bonds. Furthermore, the Application includes a list of the Plaintiff's monthly expenses for shelter, food, clothing and transportation that total $1,276. Such Application further represents that the Plaintiff is a single parent with two daughters, in

college who rely solely on support from the Plaintiff. In addition, the Plaintiff reports that she relies on her tax rebate every year to make ends meet, but does not provide the Court with the amount of her tax rebate.

In light of her representations, the Court finds that it needs additional information before indigence can be established. More specifically, in question one of the Application, the Plaintiff reports a $1,600 monthly income but does not give the source of this income. In addition, question twelve represents that the Plaintiff lives off her tax rebate, but does not provide the Court with an amount of the rebate.

Therefore, the Court will hold the Plaintiff's Application To Proceed In District Court Without Prepaying Fees Or Costs in abeyance until such time as the Plaintiff provides additional information to the Court as to the Plaintiff's monthly income or lack thereof, to support her allegations of indigence.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That the Plaintiff's Application To Proceed In District Court Without Prepaying Fees Or Costs is held in **ABEYANCE;**
2. That within thirty (30) days of the date of this Order, the Plaintiff shall submit to the Court additional information to support his allegations. <u>Failure to comply with the instant directive will result in the summary dismissal of the Plaintiff's case.</u>

Signed: May 9, 2011

Richard L. Voorhees
United States District Judge