IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:11CV55-V

| | |
|---|---|
| ROSE CLEMONS POWELL,<br>　　　　Plaintiff, | )<br>)<br>) |
| v. | )　**O R D E R** |
| TONY KELLER, et al.,<br>　　　　Defendants. | )<br>)<br>)<br>) |

**THIS MATTER** is before the Court on its own motion pursuant to 28 U.S.C. §455(b)(5)(i), which mandates recusal where the assigned judge is named as a "party" in the "proceedings." *See* 28 U.S.C. §455(b)(5)(i)(judge "shall" disqualify self where he is a party to the proceeding); Akers v. Weinshienk, 350 Fed. Appx. 292 (10th Cir. 2009) (*unpublished*); and Davis v. Kvalheim, 261 Fed. Appx. 231 (11th Cir.2008) (*unpublished*) (*citing* United States v. Patti, 337 F.3d 1317, 1321 (11th Cir.2003) (recusal under §455(b) is mandatory and cannot be waived). Indeed, Plaintiff names the undersigned as one of several federal government employee defendants.[1] Moreover, because the term "proceedings" is defined broadly by statute to include "pretrial, trial appellate review, *or other stages of litigation*," it is appropriate for another district judge to conduct the initial review of this proposed civil action under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

**IT IS, THEREFORE, ORDERED** that recusal is required pursuant to 28 U.S.C. §455(b)(5)(i). Accordingly, the Deputy Clerk is directed to reassign this matter pursuant to the governing Case Allocation Order for the Statesville Division.

　　　　　　　　　　　　　　　　　　　Signed: May 10, 2011

　　　　　　　　　　　　　　　　　　　*/s/ Richard L. Voorhees*
　　　　　　　　　　　　　　　　　　　Richard L. Voorhees
　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] This filing is related to the following actions prosecuted within the Western District of North Carolina: 5:99CR12-V; 5:03CV160-GCM; 5:07CV121- GCM; 5:09CV4-GCM; 5:09CV126-GCM; and 5:11CV138-RJC.